FILED
9th JUDICIAL DISTRICT COURT
Curry County
11/17/2020 8:26 AM
CLERK OF THE COURT
SHELLY BURGER

**STATE OF NEW MEXICO**
**IN THE DISTRICT COURT**
**COUNTY OF CURRY**

AERO TECH, INC.
    Plaintiff,

v.

GREAT AMERICAN INSURANCE COMPANY
dba GREAT AMERICAN INSURANCE GROUP AND
GREAT AMERICAN INSURANCE AGENCY, INC.
    Defendant.

No: D-905-CV-2020-00490

JUDGE: DAVID P. REEB

## COMPLAINT FOR BREACH OF CONTRACT, DAMAGES AND DECLARATORY JUDGMENT

**COMES NOW,** the Plaintiff, Aero Tech, Inc., by and through its undersigned attorney of record, Doerr & Knudson, P.A. (Stephen Doerr) and for its causes of action states:

1. Plaintiff Aero Tech, Inc., (hereinafter Aero Tech) is an aviation company that among other things, performs aerial firefighting and agricultural services. Aero Tech is headquartered and has its principal place of business, in the City of Clovis, Curry County, New Mexico.

2. Defendant Great American Insurance Company, hereinafter "Great American", is, upon information and belief, a company incorporated under the laws of the State of Ohio.  Great American is licensed to do business in the State of New Mexico; transacts business in the State New Mexico; and sold to Plaintiff Aero Tech, Insurance Policy number AHE4153780, hereinafter "Insurance Policy".

3. On information and belief, Great American is also known as Great American Insurance Group and Great American Insurance Agency, Inc.

1

**EXHIBIT A**

4. Aero Tech is the named insured on the Insurance Policy and its address is 5333 East 21st Street, Clovis, New Mexico 88101.

5. The Insurance Policy is an "All-Risk" policy, that provides coverage for any physical damage to certain aircraft owned by Aero Tech, including but not limited to a 2001 aircraft manufactured by Air Tractor, Inc., model number AT-802A and having Federal Aviation Registration Number N802AL, hereinafter "Aircraft".

6. Section III F. of the Insurance Policy requires Great American to pay for any 'physical damaged' to or loss of the Aircraft.

7. Condition 7 of the Insurance Policy imposes on Aero Tech a duty that "[w]hen loss occurs, the insured shall: a. protect the aircraft…", hereinafter "Condition 7".

8. The Insurance Policy includes various endorsements.

9. The Insurance Policy's "Policy Territory Endorsement" provides coverage for any physical damage to or loss of the Aircraft that occurs anywhere in the world.

10. The Insurance Policy's "Special Equipment Endorsement" also provides, in part, that "Physical Damage Coverages coverage is extended to equipment listed in Item C. below as "'aircraft' property of the 'named insured'…". Item C states:

    "The Limit of Liability with respect to coverage provided by this endorsement shall not exceed: Description of Equipment: Insured Value: $500,000 each…." (hereinafter the "Special Equipment Endorsement").

11. The Insurance Policy's "Special Equipment Endorsement" also requires Aero Tech to mitigate damages as it provides that Aero Tech must "preserve the property after a loss from further loss."

12. On November 23rd, 2019 the Aircraft departed Arica, Chile for a flight to Victoria, Chile.

13. The Aircraft carried the fuel for its November 23rd, 2019 flight in its wing tanks and its separate hopper tank.

14. On November 23rd, 2019 while in flight to Victoria, Chile, and over the ocean, when the pilot switched the fuel tank selector valve from the wing tanks to the hopper tank the engine failed.

15. In response to the emergency engine failure, the pilot switched the fuel selector valve back to the wing tanks and attempted to restart the Aircraft's engine.

16. At the time the engine failed there was fuel in the hopper tank and the engine should not have failed.

17. When the pilot attempted to restart the engine, a catastrophic event occurred which caused severe damage to the Aircraft's engine and propeller.

18. Both Condition 7 of the Insurance Policy and the "Special Equipment Endorsement" required Aero Tech to mitigate its losses after the engine failed.

19. The attempt to restart the engine was an effort to save the Aircraft and mitigate the loss after the engine failed through no fault of the pilot or Aero Tech.

20. While the pilot was unable to restart the engine, despite the emergency, the pilot was able to land the Aircraft on dry land saving the entire Aircraft, except for its engine and propeller.

21. Aero Tech filed an Insurance Claim, and Great American, wrongly denied that claim.

22. Under Section III F. of the Insurance Policy, Great American is required to pay Aero Tech for "any 'physical damage' to or loss of the aircraft…"

23. The amount of payment due to Aero Tech under the Insurance Policy from Great American for the damage to the engine and the propeller is approximately $700,000.00

24. Under both Section III F and the "Special Equipment Endorsement", of the Insurance Policy, Great American was required to pay for all of the damage to the Aircraft's engine and propeller.

25. Great American breached its contract with Aero Tech by not paying for all of the damage to the Aircraft's engine and propeller.

26. At the time of the catastrophic event set forth herein, the pilot had a valid pilot certificate; the Aircraft had a valid Airworthiness Certificate; the Aircraft was properly reconfigured to use the hopper tank and such reconfiguration was properly documented; and there were permits for the flight.

## COUNT ONE
### Breach of Contract for Not Paying for All Damages to the Aircraft

27. Plaintiff re-alleges all of the prior paragraphs as set forth herein.

28. The Insurance Policy is a contract between Plaintiff and Defendant.

29. Under the Insurance Policy, Great American is required to pay for any physical damage to the Aircraft.

30. Great American refused to pay for all of the damages covered under the Insurance Policy.

31. Great American breached its contract with Aero Tech by not paying for all the damages to the Aircraft's engine and propeller.

## COUNT TWO
## Breach of Fiduciary Duty

32. Plaintiff re-alleges all of the prior paragraphs as set forth herein.

33. Great American owes a fiduciary duty to Aero Tech with regard to the performance of its obligations under the Insurance Policy.

34. Great American breached its fiduciary duty to Aero Tech by not paying for all of the damage to the Aircraft's engine and propeller.

## COUNT THREE
## Declaratory Judgment Act Action

35. Plaintiff re-alleges all of the prior paragraphs as set forth herein.

36. NM Stat. Ann §44-6-4 provides, in relevant part, the following:

> "[a]ny person interested under a… written contract… may have determined any question of construction or validity arising under the instrument… and obtain a declaration of rights, status or other legal relations thereunder."

37. Aero Tech seeks a declaratory judgment under Section III F, of the Insurance Policy that it is entitled to payment from Great American for all the damage to the Aircraft's engine and propeller.

38. Aero Tech seeks a declaratory judgment that none of the exclusions under the Insurance Policy allowed Great American to deny payment to Aero Tech for any of the damage to the Aircraft's engine and propeller.

39. Aero Tech seeks a declaratory judgment that even if any exclusion applied to all or some of the damage to the Aircraft's engine and/or propeller, that since in attempting to restart the Aircraft's engine after it failed, Aero Tech was attempting to mitigate damages, Great American cannot deny coverage for any of the damage to the Aircraft's engine and propeller.

5

40. Aero Tech seeks a declaratory judgment that even if any exclusion applied to all or some of the damages to the Aircraft's engine and/or propeller, since this policy has a "Special Equipment Endorsement", Great American must pay for all of the damages to the Aircraft's engine and/or propeller irrespective of any claimed rights under the Policy.

41. There was in effect at time complained of a statutory act in New Mexico known as the Unfair Trade Practices Act.

**WHEREFORE,** Plaintiff Aero Tech prays for Judgment and a Declaratory Judgment that all of the damages to the Aircraft's engine and propeller was covered under the Insurance Policy, and that by failing to pay for all of the damages to the Aircraft's engine and propeller, Great American has breached its Contract with Aero Tech, that Great American must pay Plaintiff for all of the damages to the Aircraft's engine and propeller, together with Plaintiff's attorney's fees, costs, expenses, punitive damages and any and other relief which the Court deems just and proper.

*Respectfully Submitted By*

**DOERR & KNUDSON, P.A.**

**By:** *"Electronically Filed"*
*/s/ S. Doerr*
DOERR & KNUDSON, P.A.
STEPHEN DOERR, ESQ.
212 West First Street
Portales NM  88130
(575) 359-1289 *Telephone*
E-mail:  steve@yucca.net